**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 94-5847

VICTOR RENTERIA-CAICEDO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 94-5868

FRANKLYN GARCIA,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-94-130)

Submitted: February 13, 1996

Decided: May 28, 1996

Before WIDENER and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina; Robert I. O'Hale, MCNAIRY, CLIFFORD & CLENDENIN, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor Renteria-Caicedo and Franklyn Garcia appeal their convictions for possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (1988). Appellants contend, through counsel, that Renteria-Caicedo's conviction was unlawful in that it was not supported by sufficient evidence. And they argue that the increased penalties imposed for a drug offense involving cocaine base as compared to cocaine are ambiguous and require the application of the rule of lenity. The Appellants also proffered several pro se claims: whether their criminal prosecution and civil forfeiture proceeding amounted to a violation of the Double Jeopardy Clause; whether the police officers' approach and stop of the Appellants were supported by reliable information; whether Appellants' statements and consent to search, given prior to any <u>Miranda</u> warnings should have been suppressed during trial; whether the consent to search was voluntarily given; and, whether the Appellants were legally arrested. Finding no reversible error, we affirm.

The Appellants were arrested on the drug offense after police officers recovered approximately 1177 grams of crack cocaine from Gar-

2

cia's vehicle. The police officers approached the motel room, which was registered to Renteria-Caicedo, after receiving a tip from a confidential informant. Upon granting the officers permission to enter the motel room, Renteria-Caicedo identified himself as Cristobal Rivera and produced a New Jersey identification bearing that same name. Garcia was also present in the room. The police officers told the Appellants that they suspected them of dealing narcotics and requested permission to search the room. Both Appellants consented to the search of the motel room. The officers found approximately $1000 in cash on Renteria-Caicedo in addition to a money wire receipt showing that Cristobal Rivera sent $1500 to Armando Caicedo in Texas. Garcia identified the vehicle outside the motel room as his and consented to the officers' search of the vehicle. From the search of the trunk, the police officers recovered two bags, screwdrivers, and documents showing Garcia as the owner of the vehicle. In the bag that Garcia claimed as his, the officers found some clothes and $3000 in cash. Renteria-Caicedo's bag contained a current Colombian passport identifying him as Victor Renteria-Caicedo. A drug-sniffing dog alerted the police officers to the right front door panel of the car. Using a screwdriver found in the trunk, the police officers removed the panel and recovered plastic baggies containing the crack cocaine.

Following a jury trial, Garcia was fined and sentenced to serve 195 months imprisonment with five years supervised release. Renteria-Caicedo was also fined and sentenced to serve 220 months imprisonment with five years supervised release.

In Renteria-Caicedo's sufficiency of the evidence claim, he asserts that the Government failed to proved that he knowingly possessed the crack cocaine found in Garcia's car or that he knowingly aided Garcia in possessing the cocaine. A reviewing court must uphold a jury's verdict "if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones , 735 F.2d 785, 791 (4th Cir.) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)), cert. denied,

3

469 U.S. 918 (1984). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Renteria-Caicedo was convicted of possession with intent to distribute cocaine base. The essential element of this offense is proof of possession of the controlled substance both knowingly and intentionally with the intent to distribute. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). To establish constructive possession, the government must show ownership, dominion, or control over the drug or the premises or vehicle in which the drugs were concealed. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3792 (U.S. May 31, 1994) (No. 93-8210). A defendant's intent to distribute may be inferred from quantities of drugs too large for personal consumption. See United States v. Roberts, 881 F.2d 95, 99 (4th Cir. 1989). This court has also held that "possession of a large amount of [drugs] among several people working together may be sufficient to show that each has constructive possession." United States v. Watkins, 662 F.2d 1090, 1097-98 (4th Cir. 1981), cert. denied, 455 U.S. 989 (1982).

The record here reveals sufficient direct and circumstantial evidence to prove beyond a reasonable doubt that the Appellants were connected with each other, with the motel room, and with the vehicle in which the police officers recovered a substantial amount of crack cocaine. Renteria-Caicedo gave a story the jury could have found unbelievable about his reason for being in Greensboro. He said he was there to visit a girlfriend, but he could not provide her last name, address, or phone number.

There is also sufficient circumstantial evidence to prove that Renteria-Caicedo had constructive possession of the cocaine base, and that he intended to distribute the drug. Renteria-Caicedo, using an alias, rented the motel room where he and Garcia were apprehended. As well as renting the motel room under the alias Cristobal Rivera, Renteria-Caicedo sent the money order using that alias. Also, the listed address on the money order was not the motel where Renteria-Caicedo was staying. In addition, Renteria-Caicedo attempted unsuccessfully in his interview with Special Agent Graham to disassociate

4

himself from Garcia. He initially said that he arrived by taxicab at the motel. This statement was contradicted by Renteria-Caicedo himself in a later statement and by the presence of his luggage and Colombian passport in the trunk of Garcia's car. A substantial amount of money was found on Renteria-Caicedo's person in addition to the money wire receipt of $1500 sent to a third party in the same state that he claimed to be traveling from. We therefore find that the evidence, particularly when construed in the light most favorable to the Government, was sufficient for the jury to conclude that Renteria-Caicedo was guilty as charged of possession with intent to distribute cocaine base.

The Appellants' contention of an ambiguity in the cocaine penalty statutes is also without merit. Appellants presented the argument that because cocaine base describes no other substance than cocaine and since it is impossible to differentiate the substances, the sentencing court should have employed the rule of lenity to compensate for the ambiguity. The Appellants relied heavily on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), for support of this contention. We have however explicitly rejected the reasoning of Davis and held that a purposeful distinction was made in 21 U.S.C.A. § 841 (West 1981 & Supp. 1995) between cocaine and cocaine base or crack, making the statute unambiguous and the rule of lenity inapplicable. United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). We therefore find that the district court correctly applied the stricter penalties for cocaine base (crack) offenses.

We have also reviewed the Appellants' pro se claims and found them all to be without merit. We therefore grant the Appellants' motion to file the supplemental brief, deny Appellants' request for new appellate counsel, and affirm the Appellants' conviction and sentences.

AFFIRMED

5